


**FILED**

JUN 1 1 2014

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTICT OF iLLINOIS

| | |
|---|---|
| DALLAS BUYERS CLUB, LLC )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE LAFFING BEAD. )<br>)<br>630-820-1779 ,*pro se* )<br>and multiple John Does )<br>)<br>Defendants, ) | Civil Action No. (or Docket No.)<br><br>1:14-cv-01638 |

### MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND INCORPORATED MEMORANDUM OF LAW

THE UNDERSIGNED, pro se, moves the court, pursuant to Fed. R. Civ. P. 12(b)(2), and limits his appearance for the purposes of contesting jurisdiction, for an order dismissing the above case against the undersigned, and states that:

*Lack of Personal Jurisdiction*

1. The Plaintiff bears the burden of demonstrating personal jurisdiction. RAR, Inc., v. Turner Diesel, Ltd., 107 F.3d 1272, 1276 (7th Cir. 1997).

2. Federal cases with personal jurisdiction analysis under internet activity have repeatedly dismissed complaints for want of personal jurisdiction unless a contractual relationship exists with a party located within the state to establish sufficient minimum contacts, and no such relationship has been plead by the

1

Plaintiff. See GTE New Media Servs. v. BellSouth Corp., 199 F.3d 1343, 1348-49 (D.C. Cir. 2000) (citing Bensusan Restaurant Corp v. King, 126 F. 3d 25, 29 (2d Cir. 1997); Mink v. AAAA Development, LLC, 190 F.3d 333, 336-37 (5th Cir. 1999); Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 419-420 (9th Cir. 1997).

3. Plaintiff is fully aware of this court's lack of personal jurisdiction of the undersigned, and is simply using this court to obtain information to subject the undersigned to this jurisdiction, as the Plaintiff is aware that IP addresses may be located geographically to determine the proper jurisdiction without such John Doe discovery. See e.g., 16 Alb. L.J. Sci. & Tech. 343, 356 (discussing IP geo-location technologies). See also Universal City Studios Productions LLLP v. Franklin, 2006 U.S. Dist. Ct. Motions 748729, 9, n4 (N.D. Ind. Sept. 26, 2006) (plaintiff's memorandum of law seeking default judgment for copyright infringement over the internet, discussing geolocation of an ISP and claiming that statutory damages were reasonably related to the hiring of MediaSentry, whereupon investigation of the location of the ISP, they would file a John Doe suit in the jurisdiction where the ISP is located in order to serve discovery).

4. Upon compliance from the ISP with the subpoena of the Plaintiff in this case, the John Doe identity will be established and the case will immediately be amended, and the undersigned will be added as a party to the case, and immediately the court will lack personal jurisdiction. Requiring individuals from across the country to litigate in this district creates exactly the sort of hardship and

2

unfairness that the personal jurisdiction requirements exist to prevent. See International Shoe at 311. See also U.S. Const. amend. XIV.

5. Allowing Plaintiff to proceed with their complaint against the defendant violates due process as it offends "traditional notions of fair play and substantial justice" as guaranteed by the U.S. Constitution. See International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

*Impermissive Joinder*

6. Plaintiff has joined many multiple defendants in this action, pursuant to Fed. R. Civ. P. 20 which states:

    "Persons . . . maybe joined in one action as defendants if:

    (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

    (B) any question of law or fact common to all defendants will arise in the action."

7. Logically, many separate cases that would not be proper for joinder will share questions of law, but by the very nature of the available defenses to this copyright infringement, it follows that each defendant is likely to have different facts in their defense, and therefore have different questions involving different areas of law, each having their own alleged separate behavior.

8. The courts have ordered severance of lawsuits involving similar alleged transactions of copyright infringement. See e.g., LaFace Records, LLC v. Does 1-

3

<u>38</u>, 2008 WL 544992 (E.D.N.C. Feb 27, 2008) (stating that the same type of violation does not allow for joinder of defendants); <u>BMG Music v. Does 1-4</u>, 2006 U.S. Dist. Lexis 53237, at 5-6 (N.D. Cal. July 31, 2006) (court severed defendants where only connection was they used the same ISP); <u>Interscope Records v. Does 1-25</u>, 2004 U.S. Dist LEXIS 27782 (M.D. Fla. Apr. 1, 2004) (magistrate recommended severance of multiple defendants where they used the same ISP and P2P network for copyright infringement); <u>Twentieth Century Fox Film Corp., et al., v. Does 1-12</u>, No. C-04-04862 (N.D. Cal Nov. 16, 2004) (copyright suit against twelve John Doe defendants, court permitted discovery of first Doe defendant but stayed case as to remaining Does until plaintiff could demonstrate proper joinder).

9. Based on the available defenses of all defendants, and separate set of facts and law surrounding, each potential defendant, the Plaintiff has impermissibly joined multiple defendants in violation of Rule 20, Fed. R. Civ. P.

WHEREFORE, the undersigned Defendant prays that this honorable court dismiss the Plaintiff's complaint as it pertains to the undersigned for lack of personal jurisdiction, or in the alternative, to remove the case from this court to a proper location, and the undersigned moves for a severance of all Defendants, or in the alternative, the undersigned moves for a severance of the case against him/her personally from the rest of the Defendants.

The undersigned proposes an order similar in form to: "The case against "John Doe #4000 (identity protected)" is hereby dismissed."

4

Dated this 06 day of JUNE , 2014 .

                                                  Respectfully submitted,

X _[signature]_, *pro se*

| | |
|---|---|
| Name: | THE LAFFING BEAD. |
| Address Ln1: | 1555 NORTHPOINT DR #2 |
| Address Ln2: | |
| City, State, Zip: | AURORA IL 60504 |
| Phone Number: | 630-820-1779 |

5