**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DALLAS BUYERS CLUB, LLC, | ) |
| | ) Case No.: 14-cv-1638 |
| Plaintiff, | ) |
| | ) Judge Matthew F. Kennelly |
| v. | ) |
| | ) |
| DOES 1-55, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT ILZE A. LAFFEE'S MOTIONS
FOR PROTECTIVE ORDER, TO QUASH AND/OR VACATE SUBPOENA
AND TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Plaintiff, Dallas Buyers Club, LLC, and in response to the various motions brought by Defendant Ilze A. Laffee, a/k/a "The Laffing Bead," states as follows:

**I.     Introduction**

This case seeks redress for the ongoing infringement of Plaintiff's copyrighted mainstream motion picture, "Dallas Buyers Club" (the "Motion Picture"). The Motion Picture was directed by Jean-Marc Vallée and stars Matthew McConaughey, Jennifer Garner, Jared Leto, Denis O'Hare and Steve Zahn, among others.

On June 11, 2014, one of the Doe Defendants in this case, Ilze A. Laffee, a/k/a "The Laffing Bead" (hereinafter "Defendant"), filed a series of Motions in this case, namely Motion for Protective Order ("Motion for Protective Order"), Motion to Quash and/or Vacate Subpoena and Incorporated Memorandum of Law ("Motion to Quash"), and Motion to Dismiss for Lack of Personal Jurisdiction and Incorporated Memorandum of Law ("Motion to Dismiss").  These three motions were supported by an affidavit styled Affidavit in Support of Motions to Dismiss, Motion to Quash, and General Defenses ("Affidavit").

At the outset, Defendant includes an argument in her Motion to Dismiss for Lack Personal Jurisdiction asserting (somewhat incongruously) that joinder here is improper under Federal Rule of Civil Procedure 20. Motion to Dismiss, ¶¶ 6-9. Plaintiff has elected to resolve Defendant's concerns about joinder by dismissing her without prejudice from this case, and filing an individual action against Defendant. Upon the resolution of Defendant's various motions, Plaintiff will dismiss Defendant from this action without prejudice, and refile against her individually.

The remaining arguments that Defendant makes across her various Motions are poorly differentiated. With that in mind, Plaintiff will address all three of Defendant's Motions in this Response. Plaintiff does understand that Defendant is appearing *pro se*. Nevertheless, Defendant's remaining contentions are either moot or completely frivolous. For the following reasons, the balance of Defendant's various Motions should be denied.

**II.     Argument**

    **A.     Personal Jurisdiction is Appropriate Here Against Defendant.**

Defendant seeks entry of a protective order, seeks to quash Plaintiff's subpoena to Comcast, and asks that this case be dismissed, all on the grounds that personal jurisdiction is not appropriate. Motion for Protective Order, ¶¶ 4-5. Motion to Quash, ¶¶ 4-9; Motion to Dismiss, ¶¶ 1-5.

Until Plaintiff received Comcast's response to its subpoena, Plaintiff did not know the identity of Defendant, and was thus unable to serve her. Now that it knows who Defendant is and her address, it may affect service of process on her in this lawsuit, and intends to do so, naming her in an individual lawsuit.

Under the Federal Rules, service is sufficient to establish personal jurisdiction if the defendant could be subject to jurisdiction in courts of the state where the district court is located. Fed.R. Civ.P 4(k)(1)(A). This case was filed in the Northern District of Illinois. Illinois law provides, in relevant part, that a court may exercise jurisdiction in any action arising within Illinois against any person who is a natural person domiciled or resident within Illinois when the cause of action arose, the action was commenced, or when process was served. 735 ILCS 5/2-209(b)(2). Defendant pleads in her affidavit that she resides in Aurora, Illinois. Affidavit, pg. 2, ¶2. Since Defendant lives in the Northern District of Illinois, personal jurisdiction in this case will be proper under Illinois law, and thus, also under federal law, after she is served. Fed.R. Civ.P 4(k)(1)(A); 735 ILCS 5/2-209(b)(2). If her statements in her Motion to Quash are to be taken at face value, Defendant's arguments to the contrary seem to be premised upon the mistaken belief that the instant case is proceeding in the District Court for the District of Columbia. Motion to Quash, ¶4. Since it is not, Defendant's arguments on personal jurisdiction are meritless, and personal jurisdiction will be appropriate here after Defendant has been served. Accordingly, to the extent that her various Motions are premised on personal jurisdiction here being inappropriate, those Motions should be denied.

### B. Defendant's Motion for a Protective Order is Also Moot.

As noted above, Defendant seeks entry of a protective order to protect her identity from Plaintiff. Motion for Protective Order, ¶¶ 1-5. Setting aside that it is premised upon Plaintiff's frivolous arguments related to personal jurisdiction, the motion should be considered moot because Plaintiff already knows Defendant's identity. Defendant has filed an appearance in this case, has signed her name to all of the various motions and the affidavit she has filed, and has listed her Aurora address on these documents as well. In addition, Comcast already sent

documents in compliance with the subpoena to Plaintiff that identified Defendant prior to Defendant having filed her motion for a protective order.

Because Plaintiff's Motion for a Protective Order seeks relief that cannot be granted at this time, in part through her own actions, it also should be denied upon the independent ground that it is moot.

### III.  Conclusion

For the above reasons, Defendant's Motion for Protective Order, Motion to Quash, and Motion to Dismiss should all be denied.

                                                              Respectfully submitted,

Dated:  July 9, 2014                DALLAS BUYERS CLUB, LLC

                                      By:    s/Michael A. Hierl\_
                                                  Michael A. Hierl (Bar No. 3128021)
                                                  Todd S. Parkhurst (Bar No. 2145456)
                                                  Hughes Socol Piers Resnick & Dym, Ltd.
                                                  Three First National Plaza
                                                  70 W. Madison Street, Suite 4000
                                                  Chicago, Illinois 60602
                                                  (312) 580-0100 Telephone
                                                  (312) 580-1994 Facsimile
                                                  mhierl@hsplegal.com

                                                  Attorneys for Plaintiff
                                                  Dallas Buyers Club, LLC

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing **Plaintiff's Response to Defendant Ilze A. Laffee's Motions for Protective Order, to Quash and/or Vacate Subpoena and to Dismiss for Lack of Personal Jurisdiction** was filed electronically with the Clerk of the Court and served on all counsel of record and interested parties via the CM/ECF system on July 9, 2014,

and

by sending a copy, first class postage prepaid, to:

> Ilze A. Laffee
> The Laffing Bead
> 1555 Northpoint Drive, # 2
> Aurora, IL 60504

by placing the same in the U.S. mail located at 70 W. Madison, Chicago, Illinois 60602 on July 9, 2014, at or before 5:00 p.m.

                                                 s/Michael A. Hierl